No. 63573.—International Grocery Co. *v.* United States, protest 297847–K (Los Angeles).—

DONLON, Judge : Plaintiff has moved to amend its protest in this suit by adding the following :

We claim the merchandise assessed at 35% ad valorem and described on the invoice as Preserved Turnip [Jar Tsoi] is properly dutiable at 17½% ad valorem under Par. 775 and T.D. 52373 and T.D. 52476.

Defendant opposes the motion to amend, and prays the court to deny the motion.

Perhaps because this court traditionally has taken a liberal view toward protest amendment, when it appears to be in the interest of justice to permit the sought for amendment, there has grown up a body of *dicta* which, when selectively cited, might appear to support jurisdiction to permit, within judicial discretion, almost any amendment. There are, however, limits to our jurisdiction.

There is no sound reason to believe that Congress intended to confer on the court jurisdiction to permit, through protest amendment, a plaintiff to protest, after the expiration of the statutory period permitted for protest, a customs transaction or collector's decision as to which he did not timely file his protest. There is sound reason to believe that Congress intended to confer on the court jurisdiction to permit, through protest amendment, a plaintiff to enlarge or make more specific the grounds of protest with respect to a transaction or decision which was, in fact, timely protested.

It becomes necessary, then, to consider what was the transaction or decision which was originally protested in the suit before us.

The entry of this suit embraced a varied assortment of merchandise, exported from Hong Kong and entered at the port of Los Angeles on May 25, 1955. One of these items of merchandise is described in the Summary of Entered Values, customs Form 6417, as "15 Cases Preserved Vegetables, NSPF, Other (Turnip Jar Tsoi)." Plaintiff entered this merchandise at a rate of 35 per centum under paragraph 775, and the liquidation of this merchandise on May 31, 1956, was at the entered rate. On July 6, 1956, plaintiff filed its protest with the collector at Los Angeles. In relevant part, this protest is as follows :

Protest is hereby made against your liquidation or your decision assessing, imposing or collecting duty . . . in connection with the entries or other matters referred to below. The reasons for objection under the tariff act of 1930 or any amendments thereto are as follows :

Merchandise identified . . . (2) in the sixth recital of proclamation 2784, TD 51909 (withdrawal of GATT as to certain products), is dutiable:

1) At the rates specified in Schedule III of TD 50797 and in TD 51802, or

2) At the rates specified in TD 51802.

Proclamation 2901, TD 52559, and proclamation 2908, TD 52587, are ineffective to cancel application of said rates.

(It should be noted that proclamation 2784, referred to in the protest, does not in the sixth recital effect "withdrawal of GATT as to certain products," as the protest recites, but—to the contrary—makes effective, on and after May 22, 1948, certain GATT provisions that had previously been withheld from application, enumerated in the sixth recital of the proclamation. This protest error is not significant to our decision here.)

Two GATT provisions as to paragraph 775 are enumerated in the sixth recital of proclamation 2784. These are the third and fourth GATT provisions under paragraph 775, set forth in schedule XX, which is a part of the General Agreement on Tariffs and Trade, T.D. 51802, as follows:

Paragraph 775, third GATT provision:

Vegetables (including horseradish), if cut, sliced, or otherwise reduced in size, or if reduced to flour, or if parched or roasted, or packed in oil, or prepared or preserved in any other way (except if pickled or packed in salt or brine) and not specially provided for_____ 17½% ad val.

Paragraph 775, fourth GATT provision:

Sauces of all kinds, not specially provided for_____ 17½% ad val.

Plaintiff's motion for protest amendment does not identify the merchandise in issue as a sauce, enumerated in the fourth provision. It does identify the merchandise in issue as a preserved vegetable, enumerated in the third provision.

The original protest, then, related to a transaction or decision of the collector with respect to entry merchandise enumerated as "Vegetables . . . if . . . pre-pared or preserved in any other way (*except if pickled or packed in salt or brine*) and not specially provided for." [Emphasis supplied.] As to any entry vege-tables that were prepared or preserved by pickling or packing in salt or brine, plaintiff failed to protest the liquidation of such vegetables.

We are not required at this time to decide whether these preserved turnips are or are not "pickled or packed in salt or brine." That is an issue to be decided on the proofs of record, after trial. What we are required now to decide is whether the merchandise of plaintiff's proposed amendment is merchandise that was included in plaintiff's original protest.

Plaintiff's memorandum in support of its motion to amend asserts that the collector classified this merchandise at a duty rate applicable to vegetables, pre-served *other than by pickling*. Plaintiff might have added that its own entry so classified the merchandise. From everything that appears for purposes of this motion, both parties deemed this merchandise to be such merchandise as was identified in the sixth recital of proclamation 2784. The protest, therefore, related to liquidation of *this merchandise*.

Now plaintiff seeks to amend its protest in order to add a claim that the same merchandise as to the liquidation of which plaintiff originally protested, was erroneously classified. In our opinion, justice requires that leave so to amend the protest should be given.

The motion is granted. It is so ordered.